REQUESTED BY: Dear Senator Johnson:
You have asked this office for an opinion as to whether certain amendments to LB 361 authorizing loans and grants of state moneys derived from gasoline taxes to private, not-for-profit organizations for public transportation purposes are constitutional. More particularly, you are concerned as to whether the amendments improperly extend the credit of the state or provide an impermissible special grant to a not-for-profit organization.
Relative to your first inquiry, we assume from your letter that you refer to the amendments' affect on section19-3908, R.R.S. 1943, which would be to include `public purpose organizations' with municipalities and counties as entities which are entitled to apply for state loans for the purpose of providing public transportation. You note that the amendments define a public purpose organization as `any incorporated private not-for-profit group or agency.' You apparently inquire as to whether a section 19-3908 state loan or any other form of giving of the credit of the state to such an organization implicit in the amendments violates Article XIII, section 3 of the State Constitution which reads in pertinent part:
 "The credit of the state shall never be given or loaned in aid of any individual, association, or corporation, . . ."
Early on the Nebraska Supreme Court interpreted that language of Article XIII, section 3 as intended to prevent the state from extending its credit to private enterprises.
See Haberlan v. Love, 89 Neb. 149, 131 N.W. 196
(1912). However, the court has also stated that to determine whether a private enterprise is contemplated, we need look beyond an organization's `private' or `public' label as a legal entity and examine its actual activities or purposes. In United Community Services v. Omaha NationalBank, 162 Neb. 786, 77 N.W.2d 576 (1956), the court said at page 800:
 ". . . `The legislature cannot appropriate the public moneys of the state to encourage private enterprises.'
 "But, as stated in City of Glendale v. White, 67 Ariz. 231, 194 P.2d 435: `No hard and fast rule can be laid down, for in determining whether a proposed expenditure of public funds in valid as devoted to a `public use or purpose' each case must be decided with reference to the object sought to be accomplished and to the degree and manner in which that object affects the public welfare. . . .
 ". . . `It is the province of the legislature to determine matters of policy. In appropriating the public funds, if there is reason for doubt or argument as to whether the purpose for which the appropriation is made is a public or a private purpose, and reasonable men might differ in regard to it, it is generally held that the matter is for the legislature; * * *.'. . .
". . .
 "In exercising the authority we think the following has application: ``These authorities clearly settle that the vital point in all such appropriations is whether the purpose is public; and that, if it is, it does not matter whether the agency through which it is dispensed is public or not; that the appropriation is not made for the agency, but for the object which it serves; the test is in the end, not in the means''. . ."
Thus, whether such public service organizations are deemed `private' for purposes of legal incorporation in the State of Nebraska, or for purposes of taxation pursuant to the Federal Internal Revenue Code, is not the issue central to your inquiry. Rather the important determinant is what activities will any such state loan fund; that is, for what purposes will the state funds be used. Viewed in this light, we think that the purpose and legislative intent which are clearly set out in the amendments you inquire of demonstrate that any state loan to such a public purpose organization will be used for a public purpose and would not be an extension of the credit of the state to private enterprise.
We note that the amendments to LB 361 would also authorize grants of state moneys derived from gasoline taxes to such public service organizations. We take your second concern to be whether any such grant to a public service organization derived from gasoline taxes would amount to an impermissible special law, privilege, or franchise by virtue of Article III, section 18 of the State Constitution. That provision states in pertinent part:
 "The Legislature shall not pass local or special laws in any of the following cases, that is to say:
". . .
 "Granting to any corporation, association, or individual any special or exclusive privileges, immunity, or franchise whatever; . . ."
On the basis of our review, we take the position that the amendments to LB 361 constitute a general, and not a special or local, law. The Nebraska Supreme Court quite recently has stated:
 "`An act is general, and not special or local, if it operates alike on all persons or localities of a class, or who are brought within the relations or circumstances provided for, if the classification so adopted by the legislature has a basis in reason, and is not purely arbitrary. * * *' If a law affects equally all persons who come within its operation it cannot be local or special within the meaning of the Constitution.'. . .'" State ex rel. Douglas v. Nebraska Mortgage Finance Fund, 204 Neb. 445, 454, ___ N.W.2d ___ (1979).
The amendments do not restrict state grants for public transportation purposes to only one, or any several specified `public service organizations'. Rather, all such organizations that might exist in the state would appear to be eligible for state grants for public transportation purposes when duly certified. The central question thus becomes whether the creation of private, not-for-profit corporations as a class is reasonable and is based on some relevant public policy, or upon real differences of situation and circumstances of the class relative to the subject of the legislation. United Community Services v. The Omaha NationalBank at page 802.
It occurs to us that inherent in the nature of private, not-for-profit groups are several characteristics which uniquely suit them to undertake the kind of public service program contemplated by the amendments. We also are mindful that Legislature's judgment relative to this question is given great weight and that when confronted with such questions the courts make a concerted effort to uphold the constitutionality of statutes. For these reasons, we cannot say that this classification is arbitrary and baseless, and thus, unconstitutional.